Plaintiff-appellant Dorothy Gaboury appeals from a summary judgment rendered in favor of defendant-appellee USAA Casualty Insurance Co. Gaboury contends that the trial court erred by rendering summary judgment against her on her claim for underinsurance benefits in her policy of automobile insurance with USAA. We conclude that because USAA correctly advised Gaboury, before the statute of limitations ran upon her personal injury action against the insured tortfeasor, that she would first have to exhaust limits against the tortfeasor before she could seek to recover underinsured motorists benefits under her own policy, no reasonable mind could find in her favor on her claim that she was misled, to her detriment, in believing that she did not need to do so. Accordingly, the judgment of the trial court is Affirmed.
 I
Gaboury had a policy of automobile insurance with USAA. On September 29, 1993, she was involved in an automobile accident with a truck being driven by Jack Allen in Ontario, Canada. Gaboury's USAA policy provided for medical payments coverage in the amount of $2,000. However, the policy also included a provision increasing medical payments coverage by $10,000, to a total of $12,000, if the covered person was wearing a seatbelt or protected by an airbag. In her application for medical benefits, Gaboury checked the box indicating that a seatbelt was in use at the time of the accident. USAA paid out a total of $6,341.69 for medical payments under its policy.
On August 22, 1995, Stacie Tiedeman, of USAA, sent Gaboury a letter providing her with information concerning the torfeasor's insurance policy and a telephone number that was either the number of the insurance carrier or of the owner of the vehicle. The last paragraph in this letter is as follows:
 The accident is nearing the two year anniversary mark. Your right to pursue a personal injury claim may be subject to a two year statute of limitations and may require additional measures be taken in order to extend that time limit. Please address this with the attorney who you mentioned in our conversation for further clarification.
On September 6, 1995, Tiedeman received a letter, dated August 29, 1995, from Gaboury. The entire text of this letter is as follows:
 Attached is my completed claim form with detailed attachments. My attorney suggested I place this entire claim thru USAA and your company can subrogate the costs from HARCO [the tortfeasor's carrier]. I have been advised not to place a claim thru HARCO, but based on Law my insurance carrier USAA, would be responsible for any monies lost to me thru uninsured or underinsured liability protection. Please call me with any questions or additional documentation you may need.
In response, Tiedeman sent Gaboury the following letter, both by ordinary mail and by overnight delivery:
Dear Ms. Gaboury:
 I am writing in response to your correspondence of August 29, 1995.
 The tortfeasor (Certified Transport) carries liability insurance with HARCO National Insurance Co. under policy number TPF 400065. Their phone number is 1-800-822-4429. The address we have on file for Certified Transport is as follows:
 2346 S. Lynhurst Drive, Bldg. 200, Suite 200 Indianapolis IN 46041
 I have reviewed your policy and the Uninsured/Underinsured Motorist laws for Ohio. Prior to submission of Underinsured Motorist claim you have an obligation to pursue recovery from the tortfeasor and substantially exhaust their limits. Also, should we make any payment under the Uninsured/Underinsured portion of your policy, we have a right of subrogation against the tortfeasor. You have the obligation to protect that right by initiating an action against Certified Transport or their apparent company. Should you fail to protect that right, you will jeopardize your right to pursue a claim against USAA.
 As indicated in my August 22, 1995 correspondence, the two year statute of limitations will shortly run. If you intend to pursue a claim, you will need to take further action in order to preserve your rights. Regarding the medical expenses, wage loss and essential services claim, I will be handling these in accordance with the terms and conditions of your policy. You did not carry wage loss or essential service benefits; however, I inadvertently indicated that you had these coverages in my August 22, 1995 letter. I will not withdraw the coverages since I have already committed to them.
 I have requested the medical records from the providers involved.
 On receipt, I will review and process any payment owed to you for reasonable medical expenses incurred to date as a result of the auto accident. Additional information is required in order to review and determine whether any wage loss benefits or essential service benefits are due. The information needed includes, but is not limited to:
* * *
 The original of this letter has been sent regular mail. This copy was sent overnight to allow you as much time as possible to take any action you believe necessary to protect your interest prior to reaching the Statutory time limit.
Thereafter, Gaboury sent a letter forwarding a claim against the tortfeasor's insurance carrier, but she did not file an action within the statute of limitations. Gaboury brought this action against USAA to recover benefits under her underinsured motorist coverage, along with treble damages for bad faith, attorneys fees and costs. USAA moved for summary judgment, the trial court found USAA's motion well-taken, and the trial court rendered summary judgment accordingly. From the summary judgment rendered against her, Gaboury appeals.
 II
Gaboury's assignments of error are as follows:
 I. THE COURT ERRED BY DISMISSING THE CASE UNDER OHIO RULE OF CIVIL PROCEDURE 56 WHEN A GENUINE ISSUE OF MATERIAL FACTS REMAINS AS TO WHETHER THE INSURER ACTED IN BAD FAITH AND MISLEAD THE INSURED.
 II. WHETHER THE INSURER KNEW OR SHOULD HAVE KNOWN THE INSURED WAS UNAWARE OF THAT THEIR PAYMENTS WERE UNDER THE CLAUSE OF MED-PAY, ONLY.
 III. THE COURT ERRED IN ITS FAILURE TO APPLY THE DOCTRINE OF EQUITABLE ESTOPPEL TO THIS ACTION IN DETERMINING WHETHER THE INSURER OWED A DUTY TO THE INSURED.
Essentially, Gaboury contends that the trial court erred by rendering summary judgment against her, because there is a genuine issue of material fact as to whether USAA induced her to rely upon her ability to recover under its underinsured motorist coverage, without first proceeding against the tortfeasor. Her theory is that because USAA made payments of her medical expenses in excess of what she understood to be the medical payments coverage — $2,000 — she reasonably believed that she was receiving benefits under the underinsured motorists coverage, and would continue to receive those benefits.
As has already been pointed out, the medical payments coverage in Gaboury's insurance policy with USAA was increased to $12,000 as a result of the fact that Gaboury was wearing a seatbelt at the time of the accident. More importantly, any misimpression that Gaboury may have had concerning her right to underinsured motorist coverage, and the conditions precedent for that coverage, was corrected when USAA, in the person of Stacie Tiedeman, informed her, by overnight mail, on September 14, 1995, in no uncertain terms, that she had an obligation to pursue recovery from the tortfeasor and substantially exhaust the tortfeasor's insurance limits before she could submit an underinsured motorist claim under USAA's policy.
The statute of limitations upon Gaboury's claim against the tortfeasor did not run until September 29, 1995. Approximately two weeks before the statute ran, any misunderstanding that Gaboury may have had concerning her right to underinsured motorist coverage was clarified by USAA's correct advice to her that she would have to proceed against the tortfeasor and exhaust, or substantially exhaust, his insurance limits as a condition precedent to receiving underinsured motorist benefits under her USAA policy.
Therefore, even if we were to accept Gaboury's theory that she had previously been misled by USAA's payments of her medical benefits, none of these previous actions by USAA could be deemed to have proximately caused injury to Gaboury. USAA correctly advised her, two weeks before the statute of limitations ran, that she would have to proceed against the tortfeasor, thus breaking the causal chain flowing from USAA's previous acts, even if we were otherwise inclined to hold that Gaboury could be deemed to have reasonably relied upon those previous acts to her detriment.
It is unfortunate that Gaboury received incorrect advice, from another quarter, that she had the legal right to make an underinsured motorist claim without first proceeding against the tortfeasor, but the sad consequences of this bad advice cannot be laid at the feet of USAA.
Gaboury's assignments of error are overruled.
 III
Gaboury's assignments of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
Aaron G. Durden
John K. Benintendi
Hon. James Gilvary